IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JORDAN WALLER                                                                                  PLAINTIFF

v.                                           CIVIL NO. 4:15-cv-04091

JANICE NICHOLSON; JIMMY WISE;
DARREN BLACK; and JESSIE GRIGSBY                                                DEFENDANTS


## ORDER

On September 9, 2015, pursuant to 42 U.S.C. § 1983, Plaintiff filed this *pro se* lawsuit alleging that his rights were violated while he was employed at the Miller County Detention Center in Texarkana, Arkansas.[1]  ECF No. 1.  Plaintiff is currently an inmate of the Arkansas Department of Correction–Wrightsville Unit.  Plaintiff originally filed his complaint in the Eastern District of Arkansas; however, the Eastern District properly transferred the case to this Court on September 16, 2015.  ECF No. 2.  Currently before the Court is the issue of preservice screening pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"). The PLRA provides that the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity to determine if the matter shall proceed.  28 U.S.C. § 1915A(a).

## BACKGROUND

Plaintiff's claims stem from an incident that occurred in 2008 while he was employed as a correctional officer at the Miller County Detention Center ("MCDC").  The Defendants in this

---

[1] The Court notes that Plaintiff has failed to either submit an application for *in forma pauperis* status or pay the filing fee in this matter.

case are all either current or former employees of the Miller County Detention Center.[2]  Plaintiff makes the following claims in his complaint:  (1) the Defendants fabricated charges against him; (2) the Defendants planted evidence on him; and (3) the Defendants perjured themselves at his criminal trial.  Plaintiff also lists the claims of slander, false advertisement, filing false reports with law enforcement, false imprisonment, and kidnaping as his individual capacity claims against Defendants.  Plaintiff requests compensatory and punitive damages for these alleged violations.  ECF No. 1.

     Plaintiff states that the following incident occurred on June 1, 2008, while he was working the night shift at the MCDC.  While on duty, he received a phone call from a woman waiting outside the MCDC.  Plaintiff went outside and retrieved a Wendy's food sack from the woman.  The woman requested that Plaintiff give the Wendy's food sack to an inmate inside the MCDC.  Plaintiff then conducted a "minor search" of the food sack and determined that it contained a taco, a baked potato, and a cup of chili.  Plaintiff claims that he did not see any contraband inside the food sack.  ECF No. 1, p. 9.  Later that same night, after searching the bag, Defendants determined that the food sack contained contraband.  Specifically, Defendants alleged that the baked potato concealed a cell phone hidden inside; the taco concealed two syringes hidden inside; and the chili concealed a "leafy substance" wrapped in small "small discs" and rolling papers hidden inside.  ECF No. 1, pp. 9-10.  Plaintiff alleges that Defendants made a "concerted effort" to manufacture

---

[2]Plaintiff states that he is suing Janice Nicholson, former warden of Miller County Detention Center, in her individual and official capacities.  ECF No. 1, pp. 3-4.  Plaintiff states that he is suing the following Defendants only in their individual capacities: Jimmy Wise, Darren Black, and Jessie Grigsby.  ECF No. 1, pp. 4-7.

a case against him, plant evidence on him, and deny his constitutional due process rights.  ECF No. 1, pp. 4-10.[3]

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).

## DISCUSSION

In this case, all Plaintiff's claims stem from his June 1, 2008 arrest and subsequent conviction and incarceration.  Plaintiff, however, did not file his complaint until September 9, 2015, more than seven years after the events at issue occurred.

Section 1983 does not contain its own statute of limitations.  Instead, causes of action under section 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (section 1981 case); s*ee also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (section 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (section 1985 case).  Arkansas applies the three-year personal injury statute of limitations, found at Arkansas Code Annotated § 16-56-105(3), to section 1983 cases.  *See Miller*

---

[3]Plaintiff, however, admits that marijuana "for his own personal use" was found on his person but claims that any other contraband was "planted."  ECF No. 1, p. 10.

*v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to section 1983 cases). Because Plaintiff waited until 2015 to file his complaint regarding events that occurred in 2008, his claims are barred by the applicable three year statute of limitations.

Furthermore, in his complaint, Plaintiff uses the terms due process, slander, perjury, false advertisement, and kidnaping to challenge his arrest, conviction, and incarceration. However, Plaintiff may not use the civil rights statutes as substitutes for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement or conviction in a section 1983 complaint. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the Arkansas Department of Correction fail to state cognizable claims under section 1983.

Moreover, Plaintiff requests damages as a result of his alleged illegal conviction and incarceration. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Plaintiff did not make any allegations that his criminal conviction has been overturned. A section 1983 claim that would necessarily imply the invalidity of a conviction

is premature. *Id.* Thus, Plaintiff's claims regarding the illegality of his conviction and incarceration are not cognizable claims under section 1983.

## CONCLUSION

Because Plaintiff has failed to state claims upon which relief may be granted, the Court finds that Plaintiff's complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

IT IS SO ORDERED**,** this 22nd day of February, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge